UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| STEVEN H BLOCK, et. al, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. 3:22-CV-1899-X |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Plaintiffs Steven Block and Patrice Block's (the "Blocks") motion for protective order. (Doc. 24). Having carefully considered the underlying facts, the parties' arguments, and the applicable law, the Court **DENIES** the motion. (Doc. 24).

### I. Background

This is a federal income tax refund dispute. The Blocks filed this action against Defendant United States of America seeking $181,916.14, plus statutory interest, based on their alleged entitlement to a refund for overpayment for tax year 2016. They sought to carryback a net operating loss from tax year 2017 to prior tax year 2016 to reduce their taxable income for 2016 and generate an overpayment. Then, the Blocks wanted this overpayment refund to be credited to their 2019 income tax liability.

The IRS sent a letter denying the refund because the statute of limitations had expired, which the Blocks contend is incorrect, and informing the Blocks that the net

1

operating loss should have been carried back to 2015, not 2016. The Blocks filed an amended refund claim that applied the net operating loss to 2015. The IRS subsequently sent the Blocks a notice requiring payment for their 2019 income taxes, which did not account for the refund claims. And the Blocks filed this action.

Presently, the parties are engaged in the discovery process. The United States previously served the Blocks with a set of requests for production and a set of requests for admission. Now, the United States served the Blocks with a second set of requests for production and its first set of interrogatories. These requests seek all materials the Blocks used in preparing their tax returns for 2015, 2016, and 2017 as well as detailed information concerning credits, deductions, and losses claimed on those returns.

The Blocks filed the instant motion seeking a protective order against the United States' second set of requests for production and first set of interrogatories in their entirety. They contend that these discovery requests are duplicative, disproportional, irrelevant, and unduly burdensome because the issue here is whether the IRS improperly denied their refund based on the statute of limitations. The United States believes that the issue is whether the Blocks are legally entitled to the refund they are seeking; thus, the detailed discovery information it currently seeks is critical to that determination. The motion is ripe for this Court's consideration.

## II. Legal Standard

Federal Rule of Civil Procedure 26(c) allows courts to issue a protective order for good cause.[1] Courts have broad discretion "to decide what degree of protection is appropriate and what degree of protection is required."[2] The burden is on the party seeking the protective order to specifically demonstrate why issuance of the order is necessary.[3] Additionally, Rule 26(b) limits the scope of discovery to nonprivileged information "that is relevant to any party's claim or defense and proportional to the needs of the case."[4]

## III. Analysis

The Court concludes that the Blocks' requested protective order is unnecessary, and the Blocks must respond to the United States' discovery requests at issue here only as to information not already produced. "In tax refund actions, the district court reviews de novo the Commissioner's decision regarding a taxpayer's tax liability."[5] "A taxpayer seeking a refund must demonstrate not only the error in the asserted deficiency but also the amount of the refund to which he is entitled, i.e., the correct amount of his tax liability."[6] "It is not enough for him to demonstrate that

---

[1] Fed. R. Civ. P. 26(c).

[2] *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984).

[3] *In re Terra Int'l, Inc.*, 134 F. 3d 302, 306 (5th Cir. 1998).

[4] Fed. R. Civ. P. 26(b)(1).

[5] *Trinity Indus., Inc. v. United States*, 757 F.3d 400, 413 (5th Cir. 2014).

[6] *Mallette Bros. Const. Co., Inc. v. United States*, 695 F.2d 145, 149 (5th Cir. 1983).

the assessment of the tax for which refund is sought was erroneous in some respects."[7]

Here, the Blocks seek $181,916.14, plus statutory interest, based on their alleged entitlement to a refund for overpayment for tax year 2016 resulting from a net operating loss from tax year 2017. The IRS informed them that the net operating loss should have been carried back to 2015. They complied with the IRS's guidance but also maintain that "[t]he relevant issue is the 2017 net operating loss . . . carried back and applied to the 2016 tax year."[8]

The United States now seeks the documents and information the Blocks used in generating their tax returns for 2015, 2016, and 2017, including detailed information about the credits, deductions, and losses claimed. For example, one of the United States' requests for production seeks "[a]ll documents and materials supporting the $88,192.00 deduction for real estate taxes reported on Your tax year 2017 Form 1040 Schedule A."[9]

This type of information, which provides the basis for the Blocks' alleged overpayment and losses, is certainly relevant and discoverable in a tax refund lawsuit. And it would be unfair to prevent the United States from discovering that information considering the Blocks possess most of the relevant documents and

---

[7] *United States v. Janis*, 428 U.S. 433, 440 (1976).

[8] Doc. 27 at 3.

[9] Doc. 25-2 at 6.

information in this kind of suit, so the parties' access to relevant information is one-sided.

To the extent the Blocks claim that the United States' requests are duplicative, the Blocks clearly do not have to reproduce information they have already given to the United States thus far.  But the Court sees no need to issue an order protecting the Blocks from producing information that provided the basis for their tax refunds.  That is standard practice and necessary in a tax refund lawsuit.

### IV. Conclusion

For the reasons explained above, the Court **DENIES** the Blocks' motion for protective order.  (Doc. 24).

**IT IS SO ORDERED** this 28th day of March, 2024.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE